# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DIANE RIED and CECIL REID,** )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>**WALMART STORES EAST, L.P.,** )<br>et al. )<br>)<br>Defendants. ) | **CIVIL ACTION NO.:**<br><br>**JURY DEMAND REQUESTED** |

## NOTICE OF REMOVAL

**COMES NOW WAL-MART STORES EAST, L.P.** (hereinafter "Wal-Mart"), the Defendant in the above-styled cause, and pursuant to 28 U.S.C. §§ 1441 and 1446, gives notice of its removal of this action from the Circuit Court of Jefferson County, Alabama, where it is pending as case number CV-2018-90475, to the United States District Court for the Northern District of Alabama, Southern Division. Pursuant to 28 U.S.C. § 1446(a), the entire state court record, which includes copies of all process, pleadings, and orders served on the Defendant, is attached as **Exhibit A** to this Notice.

As grounds for this removal, the Defendant Wal-Mart states as follows:

1

## Procedural Facts

1. Plaintiffs Diane and Cecil Reid initiated this action on November 13, 2018 by filing a Summons and Complaint in the Circuit Court of Jefferson County, Alabama. The Plaintiffs assert claims of negligence, wantonness and loss of consortium in connection with an incident which occurred at the Hoover, Alabama Wal-Mart store on June 9, 2018.

2. Plaintiff Diane Reid claims she "was caused to fall due to a plastic merchandising strip or hanging device" which was on the floor in the store. (Plaintiffs' Complaint, ¶ 8). She contends she "sustained fractures to her knee and to her hand, difficult and painful rehabilitation, medical expenses, and extreme pain and mental anguish. Further, plaintiff was caused to lose income." (Plaintiffs' Complaint, ¶ 9). Plaintiff Cecil Reid claims "he was caused to suffer the loss of his wife's care, comfort, society and services." (Plaintiffs' Complaint, ¶ 11). The Plaintiffs seek an unspecified amount of compensatory and punitive damages.

3. On January 18, 2019, the Plaintiff responded to Wal-Mart's Requests for Admission as follows:

> 1. That you do not claim in excess of $75,000.00 as total damages in this case, exclusive of interest, attorney's fees, or other fees and costs.

**RESPONSE:** **Denied.**

> 2. That you do not intend to claim over $75,000.00 as total

2

damages in this case.

**RESPONSE:**   **Denied.**

3. That you will not seek over $75,000.00 as total damages in this case.

**RESPONSE:**   **Denied.**

4. That you will waive any amount of damages ever entered in this case in excess of $75,000.00.

**RESPONSE:**   **Denied.**

5. That you will not accept any award of damages over $75,000.00 in this case.

**RESPONSE:**   **Denied.**

6. That you agree that the above-stated limitations on your claim for damages will be binding on you, your heirs, representatives, and assigns with regard to all claims made or ever made in this lawsuit against Wal-Mart or any of its employees.

**RESPONSE:**   **Denied.**

(Attached hereto as **Exhibit B** is a true and correct copy of Plaintiffs' Response to Defendant's Requests for Admission).

4. In the Plaintiffs' Interrogatory Answers which were filed on February 12, 2018, Plaintiff Diane Reid, age 66 at the time of the incident, states that she "fractured [her] left patella and right wrist resulting in having to use a walker and [her] right wrist was in a splint." (Attached hereto as **Exhibit C** is a true and

3

correct copy of Plaintiffs' Answers to Interrogatories, Answer to No.: 5). In response to Interrogatory No.: 7, the Plaintiffs state in pertinent part:

> Doctors diagnosed a broken right wrist and broken left patella which was a direct result from the fall at Wal-Mart on June 9, 2018.
>
> Created a difficult recovery due to opposite extremities being broken. Made it very difficult for any type of physical mobility. Doctors at ER said we should see an orthopedic doctor immediately for follow-up. The ER unit secured both broken extremities with braces so that Diane could make it till Monday where she could see an orthopedic doctor.
>
> * * * * *
>
> After four weeks of being immobile, in order for the bones to begin to heal, Diane was able to begin physical therapy on July 13, 2018.
>
> * * * * *
>
> Diane returned to Dr. Talbert on August 28, 2018 for a check-up. She was told to continue rehab at home and to be careful not to put any stress on her broken extremities. He said she could expect recuperation and healing to extend into early 2019 before she would be able to navigate at a normal pace again.
>
> Currently, Diane has ongoing issues with walking at a normal gate without limping. She still experiences discomfort with her wrist and knee. During this period of time, Diane was not able to work or keep her three grandchildren (three days a week) which put her family in a stressful situation trying to find baby sitters for the children.

(Ex. C, Answer to No.: 7).

## Grounds For Removal

5. Pursuant to 28 U.S.C. § 1446(b)(3), this action has been removed

4

within 30 days of the receipt by the Defendant of the Plaintiff's Response to Defendant's Requests for Admission and the Plaintiffs' Interrogatory Answers from which it was first ascertained that the case is one which has become removable.

6. Pursuant to §§ 1332(a)(1) and 1441, this removal is based on diversity of citizenship. This Court has original jurisdiction of this action because the Plaintiffs and the Defendant are citizens of different states and the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs. See 28 U.S.C. §§ 1332(a)(1) and 1441(b). According to the Complaint, Plaintiff Diane Reid is a resident of the State of Alabama. (Plaintiffs' Complaint, ¶ 1). Therefore, Plaintiff Diane Reid is a citizen of Alabama for diversity of citizenship purposes. According to the Complaint, Plaintiff Cecil is a resident of the State of Alabama. (Plaintiffs' Complaint, ¶ 2). Therefore, Plaintiff Cecil Reid is a citizen of Alabama for diversity of citizenship purposes. Defendant Wal-Mart Stores East, L.P. is a limited liability partnership organized under the laws of Delaware with its principal place of business in Arkansas. It operates the Hoover, Alabama Wal-Mart store. Therefore, for diversity of citizenship purposes, Wal-Mart was, at the time of the filing of the Complaint, a citizen of the States of Delaware and Arkansas.

7. The United States District Court of the Northern District of Alabama, Southern Division, encompasses the Circuit Court of Jefferson County, Alabama.

See U.S.C. § 81(c)(2).

8. Although the Plaintiffs' Complaint does not specify the specific dollar amount that the Plaintiffs seek to recover, based on the Plaintiffs' Answers to Interrogatories and the Plaintiffs' Response to Requests for Admission received by Wal-Mart, the Defendant has now ascertained that the case is one which has become removable as the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9. The Plaintiffs' discovery responses clearly and unambiguously establish that the amount in controversy is in excess of the jurisdictional limits of this Court. See 28 U.S.C. § 1446(c)(2)(B)("removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)").

10. According to the Plaintiffs' discovery responses, Diane Reid was a 66- year-old grandmother at the time she slipped and fell at Wal-Mart. She was employed and kept her three grandchildren three days a week. She broke her left kneecap and her right wrist which she contends made her recovery difficult because her broken bones were on opposite sides of her body. She was treated at the emergency room of UAB and was sent home in braces until she could see an orthopedic doctor several days after her fall. Mrs. Reid contends that she was

"immobile" for four weeks before she was able to begin physical therapy. In late August, 2018, she was told to continue therapy at home and that she "could expect recuperation and healing" to extend into 2019. As of the date of her Answers to Interrogatories, the Plaintiff claims that she cannot walk without limping and continues to have discomfort in her knee and wrist. In addition to being unable to keep her grandchildren, she has also been unable to work. Plaintiff Cecil Reid is seeking damages for loss of consortium. In addition to these claims of damage, the Plaintiffs are seeking punitive damages as a result of Mrs. Reid's fall at Wal-Mart.

11.    The Plaintiffs' Answers to Interrogatories state that "[d]uring this period of time, Diane was not able to work." (Ex. C, Response to No.: 7). The documents attached to the discovery responses indicate that she was not working in June or July of 2018 and only made $50 in August and $178 in September. In the years preceding her fall, the Plaintiff claims to have made $9,368, $10,020, $15,601 and $14,717. Her total income for 2018 is represented as $11,182, but the majority of that income was made prior to the incident.

12.    The medical bills attached to the Plaintiffs' Interrogatory Answers total $2,067 and do not include the amount charged by UAB.

13.    Further, it is well settled that punitive damages must be considered in any calculation in the amount in controversy. See, e.g., Holley Equip. Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535; (11th Cir. 1987)([w]hen determining the

7

jurisdictional amount in controversy in diversity cases, punitive damages must be considered").

14. In addition to the specific claims of damage set out in the Plaintiffs' Answers to Interrogatories, the Plaintiffs have not disclaimed any entitlement to more than the jurisdictional limits of this Court. See Ex. B.

15. Therefore, following the receipt by the Defendant of the Plaintiffs' discovery responses, which constitute "other paper" as contemplated by 28 U.S.C. § 1446(b)(3), Wal-Mart was able to ascertain that this case has become removable and timely and properly removed the case to this Court.

16. Pursuant to 28 U.S.C. § 1446(d), Wal-Mart will file a Notice of Filing Notice of Removal with the Circuit Court of Jefferson County, Alabama. A copy of the pleading filed in state court as well as a copy of this Notice of Removal will be served on all counsel of record pursuant to 28 U.S.C. § 1446(d).

20. Wal-Mart reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Wal-Mart Stores East, L.P. prays that this Court will consider this Notice of Removal as provided by law governing the removal of cases to this Court; that this Court will make the proper orders to achieve the removal of this case from the Circuit Court of Jefferson County; and that this Court will make such other orders as may be

appropriate to effect the preparation and filing of a true record in this case of all proceedings that may have been served in the Circuit Court of Jefferson County.

/s/ Marda W. Sydnor
**MARDA W. SYDNOR**
Attorney for Defendant
Wal-Mart Stores East, L.P.

**OF COUNSEL:**

PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
(205) 326-6600
msydnor@pljpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF filing system which will send notification of such filing to the following counsel of record in this case, and will serve counsel listed below via electronic mail and/or U.S. Mail.

Mr. J. Callen Sparrow
Heninger Garrison Davis, L.L.C.
P.O. Box 11310
Birmingham, AL 35202
jcsparrow@hgdlawfirm.com

This the 15th day of February, 2019.

/s/ Marda W. Sydnor
OF COUNSEL

9

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | |
|---|---|
| **DIANE REID and CECIL REID,** | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION CV 2018-904575 |
| **WAL-MART STORES EAST, L.P., et al.,** | ) |
| Defendants. | ) |

### NOTICE OF FILING OF NOTICE OF REMOVAL

**TO: CLERK OF CIRCUIT COURT AND ALL PARTIES HERETO AND THEIR ATTORNEYS:**

**PLEASE TAKE NOTICE** that on this _____ day of February, 2019, Defendant **WAL-MART STORES EAST, L.P.**, filed in the United States District Court for the Northern District of Alabama, Southern Division, its Notice of Removal of this action to that Court. Full and true copies of said Notice of Removal, including all exhibits, are herewith served upon you.

/s/ Marda W. Sydnor
**MARDA W. SYDNOR**
Attorney for Defendant

**OF COUNSEL:**

PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
(205) 326-6600
msydnor@pljpc.com

1

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using the Alafile system which will send notification of such filing to the following counsel of record in this case:

Mr. J. Callen Sparrow
Heninger Garrison Davis, L.L.C.
P.O. Box 11310
Birmingham, AL 35202
jcsparrow@hgdlawfirm.com


This the _____ day of February, 2019.

/s/ Marda W. Sydnor
OF COUNSEL

2