FILED
2019 Feb-15  PM 02:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

DOCUMENT 2

ELECTRONICALLY FILED
11/13/2018 3:21 PM
01-CV-2018-904575.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# COMPLAINT – CIVIL

## IN THE CIRCUIT COURT FOR JEFFERSON, ALABAMA

### CIVIL ACTION NO._____

DIANE REID and CECIL REID,

Plaintiffs,

v.

WAL-MART STORES EAST, L.P.,

There may be other entities whose true names and identities are unknown to the plaintiffs at this time who may be legally responsible for the claim(s) set forth herein and who may be added by amendment by the plaintiffs when their names and identities are accurately ascertained by further discovery. Until that time, the plaintiffs will designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer and include any and all legal entities including persons, any and all forms of partnership, any and all types of corporations and unincorporated associations. The symbol by which these party(ies) defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbols applies to more than one entity. In the present action, the party defendants which the plaintiffs must include by descriptive characterization are as follows:

**Defendant No. 1**, being the proper legal designation of the entity known as **WAL-MART STORES, EAST, L.P.**; **Defendant No. 2**, whether singular or plural being that person or persons responsible for hiring, training and/or supervising employees of any fictitious or named defendant prior to and on the occasion of the incident made the basis of this suit; **Defendant No. 3**, whether or plural being that individual(s) entity or entities who or which were responsible for maintaining a safe and clean environment in the business on the occasion of the incident made the basis of this lawsuit; **Defendant No. 4**, whether singular or plural being those persons, corporations or other legal entities, who owned, leased, rented or otherwise controlled the premises on which the plaintiff was injured on the occasion made the basis of this suit; **Defendant No. 5**, whether singular or plural being those persons, corporations or other legal entities who acting individually or by and through their agents, servants or employees and whose negligence and/or wantonness proximately caused or contributed to the injuries and damages suffered by the plaintiff on the occasion of the incident made the basis of this suit; all of whose true and correct names are unknown to plaintiffs at this time, but will be substituted by amendment when ascertained,

Defendants.

# COMPLAINT

1.      Plaintiff, **Diane Reid**, is an adult resident of Jefferson County, Alabama.

2.      Plaintiff, **Cecil Reid**, is an adult resident of Jefferson County, Alabama.

3.      Defendant, **Wal-Mart Stores East, L.P.** is a company incorporated in Arkansas and operating a business in Jefferson County, Alabama.  Based upon information and belief, Wal-Mart Stores East, L.P. is the entity which operates the store in Jefferson County, Alabama. The business at issue is located at 2780 John Hawkins Parkway, Hoover, AL  35244.

4.      **Defendant No. 2**, whether singular or plural being that person or persons responsible for hiring, training and/or supervising employees of any fictitious or named defendant prior to and on the occasion of the incident made the basis of this suit.

5.      **Defendant No. 3**, whether or plural being that individual(s) entity or entities who or which were responsible for maintaining a safe and clean environment in the business on the occasion of the incident made the basis of this lawsuit.

6.      **Defendant No. 4**, whether singular or plural being those persons, corporations or other legal entities, who owned, leased, rented or otherwise controlled the premises on which the plaintiff was injured on the occasion made the basis of this suit.

7.      **Defendant No. 5**, whether singular or plural being those persons, corporations or other legal entities who acting individually or by and through their agents, servants or employees and whose negligence and/or wantonness proximately caused or contributed to the injuries and damages suffered by the plaintiff on the occasion of the incident made the basis of this suit.

## FACTS

8.      On or about June 9, 2018, Diane Reid was a business visitor and therefore an invitee at defendant's place of business located in Hoover, Alabama on Highway 150. Upon information and belief, this is defendant's store designated as No. 1229. While walking and shopping in the store, Mrs. Reid was caused to fall due to a plastic merchandising strip or hanging device which apparently had fallen from the shelving and was lying on the floor. There was a hook on one end of the strip which caught on her shoe preventing her from regaining her balance. Defendants knew or, by the exercise of reasonable care, should have known of the hazardous condition upon the defendant's floor and should have realized that the floor's condition posed an unreasonable risk of harm to invitees. Defendants should have expected that invitees walking among the aisles of the store would not discover or realize the danger presented by such a "strip." Defendants failed to exercise reasonable care to protect invitees against the danger.

9.      At all times pertinent hereto, defendants failed to exercise reasonable care to inspect for hazardous conditions involving the floor(s) and aisles where customers were expected to be or to take adequate steps to remedy or warn customers of such hazards. The incident which caused plaintiff's injury could have been prevented with proper maintenance of the aisles and shelves and was of a type which would not ordinarily have occurred in the absence of negligence or wantonness. Furthermore, the dangerous condition which caused plaintiff's injury was under the exclusive control of the defendants. The incident which caused the plaintiff's injury is not attributable to any negligence on the plaintiff's part. As the direct and proximate result of defendant's negligence and/or wantonness and the defendant's failure to remedy or warn of the dangerous condition, plaintiff sustained fractures to her knee and to her hand, difficult and

painful rehabilitation, medical expenses, and extreme pain and mental anguish.  Further, plaintiff

was caused to lose income.

10.    Plaintiff further alleges that defendants and their agents and/or employees were

negligent and/or wanton in failing to maintain the floors in and around the aisles where plaintiff

was injured in a clean and safe manner. Defendants were aware or should have been aware that

failing to provide a clean and safe environment in that location would present a dangerous

condition to invitees.  As a proximate result of such conduct, plaintiff, Diane Reid, suffered

damages as set out above.

11.    At all times pertinent herein, plaintiff, Cecil Reid, was the lawful husband of

plaintiff, Diane Reid.  As a proximate consequence of defendants' negligence and/or

wantonness, he was caused to suffer the loss of his wife's care, comfort, society and services.

**WHEREFORE, PREMISES CONSIDERED,** plaintiffs demand judgment against the

defendants, **WAL-MART STORES EAST, L.P.;** and **fictitious defendants Nos. 2 through 5,**

jointly and severally, and that damages be awarded to the plaintiffs in a sum in excess of the

jurisdictional limits of this court to be determined by a jury.

　　　　　　　　　　　　　　　s/ J. CALLEN SPARROW
　　　　　　　　　　　　　　　J. Callen Sparrow (SPA006)
　　　　　　　　　　　　　　　Attorney for Plaintiffs

OF COUNSEL:

HENINGER GARRISON DAVIS, LLC
P. O. Box 11310 (35202)
2224 1st Avenue North
Birmingham, AL  35203
Telephone:    (205)326-3336
Facsimile:    (205)326-3332
E-mail:jcsparrow@hgdlawfirm.com

## JURY DEMAND

Plaintiffs demand trial by struck jury on all issues raised herein.

s/ J. CALLEN SPARROW

**Serve Defendants: (To be Served Via Certified Mail)**

Wal-Mart Stores East, L.P.
% CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL  36104

**NOTE TO CLERK:**   Please serve Plaintiffs' First Interrogatories and Requests for Production
to Defendants along with Summons and Complaint.

**ELECTRONICALLY FILED**
11/13/2018 3:21 PM
01-CV-2018-904575.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT FOR JEFFERSON, ALABAMA

| | |
|---|---|
| DIANE REID and CECIL REID, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: _____ |
| | ) |
| WAL-MART STORES EAST, L.P., et al., | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFFS' FIRST INTERROGATORIES and
### REQUESTS FOR PRODUCTION TO DEFENDANTS

COMES NOW the plaintiffs in the above-styled cause and pursuant to Rules 33 and 34 of the ALABAMA RULES OF CIVIL PROCEDURE, propound the following Interrogatories and Requests for Production to Defendants, separately and severally, to be answered within the time and manner prescribed by law:

### DEFINITIONS AND INSTRUCTIONS

For the purpose of these interrogatories the term "identify", when used in respect to an individual, means to state the individual's name, address, employer, and job title, and "identify", when used in respect to an entity, means to state the entity's name and address.

"You" and "your" are defined to include the named Defendants, WAL-MART STORES EAST, L.P., and all of its present or former agents or employees; all of its attorneys; and all other persons acting or purporting to act on behalf of the Defendant to whom this discovery is directed.

As used in these interrogatories, the term "document" means without limitation, the following items, whether printed, recorded, or reproduced by any other mechanical process or produced by hand: Agreements, communications, state and federal government hearings and reports, correspondence, telegrams, memoranda, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or reports of meetings or conferences, summaries of reports of investigations of negotiations, opinions or reports of consultants, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any documents, and any and all other writings in the possession of the Defendant, or subject to your custody and control, whether they are in your possession or in the possession of your attorney(s) or your representative(s) or in any of your offices.

DOCUMENT 3

NOTE: These interrogatories should be deemed continuing in nature, and Plaintiff requests that you update your responses periodically to reflect any information obtained after your initial responses are made. Please be advised that in any event you attempt to call witnesses or present as evidence any persons or documents which have not been properly identified by you, Counsel for the Plaintiff shall strenuously object.

## Interrogatories

1.      Has this Defendant been properly designated in the Summons and Complaint for the purposes of suing or being sued?  If not, please set forth your proper legal designation.

2.      Please identify the person answering these Interrogatories by name and job title.

3.      Please identify the owner of the store made the basis of this suit on June 9, 2018.

4.      Please list all witnesses by name and/or job title or address who have any information concerning this fall.

5.      Based upon information and/or belief, where did Plaintiff suffer her fall?

6.      Does this Defendant dispute that there was a merchandising strip located on the floor at the time of Plaintiff's fall? If so, please state the basis and/or evidence which supports such contention.

7.      Does this facility require employees to periodically check, clean and maintain the premises? If so, please identify the following:

          (i) how often are these checks performed;

          (ii) whether such task is recorded in writing;

          (iii) what is expected of employees undertaking these tasks.

8.      What was the purpose of the "strip" which was involved in the incident made the basis of this suit?   What is the "strip" properly caused?

9.      Does this Defendant have in its control or possession any photos, videos or graphic depictions of any nature which show the area of Plaintiff's fall on or about the date of Plaintiff's fall?

10.     Does this Defendant contend that the Plaintiff caused or contributed to cause her fall in any way?  If so, please state in detail the basis for this contention.

11.     Does this Defendant contend that the premises and area where Plaintiff fell was safe and properly maintained at the time that Plaintiff fell?  If so, please explain the basis for this contention.

12.     Was an incident report made of Plaintiff's fall?  If so, by whom?

## Requests for Production

1.      All incident reports, internal memos, notes, reports, correspondence, e-mails, computer entries or materials of any description regarding the fall made the basis of this suit.

2.      All statements of any employee or witness regarding the fall made the basis of this suit.

3.      All photographs, videos or materials of any nature showing the scene of this fall.

4.      All policies and procedures, guidelines or materials of any nature regarding this Defendant's procedures for maintaining safe premises and how to address hazardous conditions on floor and/or premises at this store.

5.      All premises safety policies or guidelines of any description regarding inspections and reactions to hazardous conditions on the premises which could impact safety of customers and/or employees.

DOCUMENT 3

6.      All policies and procedures, guidelines or materials of any nature regarding this Defendant's procedures for cleaning, monitoring, checking and/or inspecting the premises at this store location.

7.      Copies of all documents (including, but not limited to sweeps or logs) which indicate if or when an employee inspected the area of Plaintiff's fall for any dangerous conditions on June 9, 2018.

8.      A copy of any and all insurance agreements or policies and declarations page under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including, but not limited to, any liability insurance policy (including excess umbrella coverage) covering any defendant at the time of the incident made the basis of this suit.

Respectfully submitted,

_s/ J. CALLEN SPARROW_____
J. Callen Sparrow (SPA006)
Attorneys for Plaintiffs

OF COUNSEL:

HENINGER GARRISON DAVIS, LLC
P. O. Box 11310 (35202)
2224 1st Avenue North
Birmingham, AL  35203
Telephone:      (205)326-3336
Facsimile:      (205)326-3332
E-mail:jcsparrow@hgdlawfirm.com
mailto:tcdavis@hgdlawfirm.com



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY
### CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
DIANE REID ET AL V. WAL-MART STORES EAST, L.P.

01-CV-2018-904575.00

To: CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

**TOTAL POSTAGE PAID: $7.09**

Parties to be served by Certified Mail - Return Receipt Requested

WAL-MART STORES EAST, L.P.                                    Postage: $7.09
% CT CORPORATION SYSTEM
2 N JACKSON ST., STE 605
MONTGOMERY, AL 36104

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$
Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

7018 2290 0000 5737 5949

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

WAL-MART STORES EAST, L.P.
% CT CORPORATION SYSTEM
2 N JACKSON ST., STE 605
MONTGOMERY, AL 36104

9590 9402 4424 8248 9283 55

2. Article Number (Transfer from service label)
7018 2290 0000 5737 5949

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                      ☐ Agent
                                       ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

CV 18 904575 50

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 4424 8248 9283 55

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box®

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF CO COURTHOUSE
716 RICHARD ARRINGTON JR BLVD., NO.
BIRMINGHAM, ALABAMA 35203

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

NOV 26 2018

ANNE-MARIE ADAMS
CLERK

ELECTRONICALLY FILED
12/19/2018 4:13 PM
01-CV-2018-904575.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

DIANE REID and CECIL REID,        )
                                   )

   Plaintiffs,                   )
                                   )

v.                            )   **CIVIL ACTION CV 2018-904575**
                                   )

WAL-MART STORES EAST, L.P., et al.,  )
                                   )

   Defendants.                )

---

### ANSWER OF DEFENDANT WAL-MART STORES EAST, L.P.

---

**COMES NOW WAL-MART STORES EAST, L.P.**, the Defendant in the above-styled cause, and in response to the Complaint of the Plaintiffs, and to each count and paragraph thereof, separately and severally, states as follows:

1.     As this paragraph is a statement of Plaintiff Diane Reid's age and residency and contains no allegation against the Defendant, it requires no response. To the extent this paragraph may be construed as asserting an allegation against the Defendant, it is denied.

2.     As this paragraph is a statement of Plaintiff Cecil Reid's age and residency and contains no allegation against the Defendant, it requires no response. To the extent this paragraph may be construed as asserting an allegation against the Defendant, it is denied.

3.     Wal-Mart Stores East, L.P. is a limited partnership headquartered in the State of Arkansas and authorized to do business in the State of Alabama. Wal-Mart Store #1229 in Hoover, Alabama is operated by Wal-Mart Stores East, L.P.

4.      As this paragraph appears to be a list of fictitious defendants, it requires no response. To the extent this paragraph could be interpreted as making an allegation against the Defendant, it is denied.

5.      As this paragraph appears to be a list of fictitious defendants, it requires no response. To the extent this paragraph could be interpreted as making an allegation against the Defendant, it is denied.

6.      As this paragraph appears to be a list of fictitious defendants, it requires no response. To the extent this paragraph could be interpreted as making an allegation against the Defendant, it is denied.

7.      As this paragraph appears to be a list of fictitious defendants, it requires no response. To the extent this paragraph could be interpreted as making an allegation against the Defendant, it is denied.

## FACTS

8.      Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph regarding Plaintiff Diane Reid's status as a business invitee. Consequently, that allegation of this paragraph effectively is denied. The remaining allegations of this paragraph also are denied.

9.      Denied.

10.     Denied.

11.     Defendant lacks knowledge or information sufficient to admit or deny that Cecil Reid is the lawful husband of Diane Reid. The remaining allegations of this paragraph also are denied.

2

Defendant denies that Plaintiffs are entitled to the relief requested in the unnumbered paragraph following paragraph 11 of the Complaint and demands strict proof thereof.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

**DEFENDANT WAL-MART STORES EAST, L.P.** asserts the following affirmative and additional defenses, reserving the right to amend this Answer by adding, deleting, or amending defenses as may be appropriate as discovery progresses:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Defendant denies each and every material averment of the Plaintiffs' Complaint and demands strict proof thereof.

### THIRD DEFENSE

The Defendant denies that it was guilty of negligence as is alleged in the Complaint and denies further that any such alleged negligence on its part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint.

### FOURTH DEFENSE

The Defendant denies that it was guilty of wantonness as is alleged in the Complaint and denies further that any such alleged wantonness on its part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint.

### FIFTH DEFENSE

The Defendant avers that there is no causal relationship between the actions of the Defendant and the injuries and damages referred to in the Complaint.

3

## SIXTH DEFENSE

The Defendant avers that the incident complained of was proximately caused by an independent, intervening or superseding cause, and not by the acts of the Defendant.

## SEVENTH DEFENSE

The Defendant avers that the Plaintiffs were themselves guilty of negligence in connection with the claims asserted in the Complaint, and that such negligence on their part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint.

## EIGHTH DEFENSE

The Defendant denies that the Plaintiffs were injured to the nature and extent claimed and demands strict proof thereof.

## NINTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the United States of America.

## TENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the State of Alabama.

## ELEVENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

4

### TWELFTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

### THIRTEENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of the procedural safeguards provided to the Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, the Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

### FOURTEENTH DEFENSE

The Defendant avers that it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against it, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

### FIFTEENTH DEFENSE

The Defendant avers that it is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against the Defendant which are penal in nature by requiring a burden of proof on the Plaintiffs which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

5

### SIXTEENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of the Eighth Amendment to the Constitution of the United States of America in that the damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### SEVENTEENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of Article I, Section 15 of the Constitution of the State of Alabama 1901 in that the damages would be an excessive fine.

### EIGHTEENTH DEFENSE

The Defendant avers that any and all claims for punitive damages in this action are limited in amount by the application of Ala. Code (1975), §6-11-21.

### NINETEENTH DEFENSE

The Defendant asserts any statutory cap on damages enacted at present or subsequent to the filing of this Answer.

### TWENTIETH DEFENSE

The Defendant avers that the Plaintiffs' claims are barred by the applicable statute of limitations.

### TWENTY-FIRST DEFENSE

The Defendant asserts that to the extent there was a hazard, it was or should have been open and obvious to the Plaintiffs.

6

### TWENTY-SECOND DEFENSE

The Defendant contends that the Plaintiffs assumed the risk of injury and damage, and are thereby barred from recovery.

### TWENTY-THIRD DEFENSE

The Defendant asserts that the Plaintiffs have failed to mitigate damages as is required by law.

### TWENTY-FOURTH DEFENSE

The Defendant avers that some or all of Plaintiffs' claims are barred by release, laches, waiver, set off and/or estoppel.

### TWENTY-FIFTH DEFENSE

The Defendant denies that it had actual or constructive notice of any alleged unsafe condition as is alleged in the Complaint.

### TWENTY-SIXTH DEFENSE

The Defendant denies that any act or omission on its part was a proximate cause of any injury to the Plaintiffs.

### TWENTY-SEVENTH DEFENSE

The Defendant avers that it owed Plaintiffs no duty as is alleged in the Plaintiffs' Complaint.

### TWENTY-EIGHTH DEFENSE

The Defendant avers that the Plaintiffs' claims are barred, in a whole or in part, because Plaintiffs failed to undertake the precautions that a reasonably prudent person would take to protect against dangers which a reasonably careful person would reasonably appreciate under the same or similar circumstances.

7

### TWENTY-NINTH

The Defendant avers that Plaintiffs assumed the risk of conditions present and the dangers inherent therein.

### THIRTIETH DEFENSE

Against any damages claimed by Plaintiffs, the Defendant asserts as a defense, credit, or set-off any settlement (and any monies paid pursuant thereto) between Plaintiffs and any other person or entity and any monies paid to or on behalf of Plaintiffs, by any source, for injuries or damages suffered in the incident made the basis of this case.

### THIRTY-FIRST DEFENSE

The Defendant gives notice that it intends to rely upon any other defenses that may become available or appear during the discovery proceedings in this case and hereby reserves its right to amend its Answer to the Complaint to assert any such defenses.

/s/ Marda W. Sydnor
**MARDA W. SYDNOR**
Attorney for Defendant

**OF COUNSEL:**
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
205-326-6600
msydnor@pljpc.com

**THE DEFENDANT DEMANDS TRIAL
BY STRUCK JURY ON ALL ISSUES IN THIS CAUSE.**

/s/ Marda W. Sydnor
**MARDA W. SYDNOR**

8

**OF COUNSEL:**
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone:    (205) 326-6600
msydnor@pljpc.com

---

## CERTIFICATE OF SERVICE

---

I hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using the Alafile system which will send notification of such filing to the following counsel of record in this case:

Mr. J. Callen Sparrow
Heninger Garrison Davis, L.L.C.
P.O. Box 11310
Birmingham, AL  35202
jcsparrow@hgdlawfirm.com

This the 19th day of December, 2018.

/s/Marda W. Sydnor
OF COUNSEL

ELECTRONICALLY FILED
12/19/2018 4:30 PM
01-CV-2018-904575.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

|  |  |  |
|---|---|---|
| DIANE REID and CECIL REID, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION CV 2018-904575 |
| | ) | |
| WAL-MART STORES EAST, L.P., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S MOTION FOR HIPAA ORDER

**COMES NOW WAL-MART STORES EAST, L.P.,** the Defendant in the above-styled cause, and moves the Court for a Qualified Protective Order to allow parties to obtain from all health care providers and health plans all information relating to the past, present or future physical condition of any individual who is a party to the case (or, the decedent of a party),as well as all information relating to the provision of health care to such individual and payment for the provision of such health care.

Attached is a Protective Order pursuant to the HIPAA Privacy Rules, 45 C. F. R. § 164.512(e)(1).

s/Marda W. Sydnor

**MARDA W. SYDNOR**
Attorney for Defendant

OF COUNSEL:

PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL  35216
msydnor@pljpc.com
(205) 326-6600

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using the Alafile system which will send notification of such filing to the following counsel of record in this case:

Mr. J. Callen Sparrow
Heninger Garrison Davis, L.L.C.
P.O. Box 11310
Birmingham, AL 35202
jcsparrow@hgdlawfirm.com

This the 19th day of December, 2018.

/s/ Marda W. Sydnor
OF COUNSEL

2

ELECTRONICALLY FILED
12/19/2018 4:30 PM
01-CV-2018-904575.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

REID DIANE,          )
REID CECIL,          )
        Plaintiffs,          )
                  )
      V.          )          Case No.:  CV-2018-904575.00
                  )
WAL-MART STORES EAST, L.P.          )
        Defendant.          )

### HIPAA ORDER

Upon compliance with Rule 45 of the Alabama Rules of Civil Procedure, the attorneys for the parties are permitted to inspect and copy all health information relating to any individual who is a party plaintiff to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to inspect and copy all information relative to payment for the provision of medical care to any such individual.  Subject to the provisions of Rule 26 of the Alabama Rules of Civil Procedure pertaining to the scope and limits of discovery, the attorneys for the parties to this lawsuit may request an interview with any health care provider, health plan administrator, or other individual in connection with the aforementioned health information and payments therefore (such information collectively referred to hereafter as "Protected Health Information"). Such health care provider, health plan administrator, or other individual may grant or deny a request for an interview.

This Court Order authorizes any third party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena.  This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party.  The parties are prohibited from using or disclosing the protected health information for any purpose other than this litigation or proceeding for which such information was requested "pursuant to the requirements of 45 C.F.R. § 164.512(e)(1)(v)

(A).

At the immediate conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order. If such written request are not made at the immediate conclusion of this action, all recipients of the Protected Health Information reserves the right to destroy such documents and any copies thereof containing Protected Health Information received by them pursuant to this Order. Such Protected Health Information received in an insurance claim file and law firm litigation file may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Alabama State Bar rules and regulations.

A photocopy of the Order shall be deemed as an original.

DONE this [To be filled by the Judge].

/s/ [To be filled by the Judge]
_____
CIRCUIT JUDGE


ELECTRONICALLY FILED
12/20/2018 11:31 AM
01-CV-2018-904575.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION

DIANE REID,                      )
CECIL REID,                      )
Plaintiffs,                      )
                                 )
V.                               )          CV-2018-904575-MGG
                                 )
WAL-MART STORES EAST, L.P.,      )
Defendant.                       )

## HIPAA ORDER IN CIVIL ACTION

It is hereby **ORDERED** and **DIRECTED** as follows:

1. The sole and only purpose of this ORDER is to satisfy and strictly comply with the requirements for the disclosure of *Protected Health Information* as is authorized under:

   (a) the HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 [PL 104-191] [" *HIPAA"* ];

   (b) the regulations promulgated thereunder at 45 CFR §§160, 164; and,

   (c) to the extent not superseded by HIPPA and/or Federal regulations promulgated thereunder, Alabama law, including but not limited to, the Alabama Rules of Civil Procedure, the Alabama Rules of Evidence, controlling case authorities, and the *BIRMINGHAM DIFFERENTIAL CASE MANAGEMENT PLAN [BDCMP]*;

2. Only upon strict compliance with the foregoing, and, only after issuance of a subpoena as authorized under Ala. R. Civ. Pro. 45, any attorney of record in this action and any *pro se* party are permitted to obtain *Protected Health Information*, including charges for medical care and services provided, relating to any individual who is a party to this case alleging, or defending, any claim[s] for personal injury; or, other real party in interest alleging, or defending any claim[s] for personal injury or wrongful death, represented by a personal representative, guardian, next friend, and/or trustee.

3. This ORDER **AUTHORIZES** any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose *Protected Health Information* in response to such request or subpoena; provided however, this ORDER **EXPRESSLY PROHIBITS** disclosure pursuant to any subpoena which fails to comply with 45 C.F.R. § 164.512(e)(1)(i) which states, in relevant part:

   "(e) Standard: Disclosures for judicial and administrative proceedings.

1

(1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:

(i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information *expressly authorized by such order*;" [Emphasis added]

4. Any objections to any third-party subpoena for *Protected Health Information* using requesting language such as "the complete medical file", "including but not limited to", "any and all", "regardless of the source of", "diagnosis or prognosis of any condition or illness", etc., will be summarily SUSTAINED as the Court believes such terms are so broad and overreaching, as to violate the plaining meaning of § 164.512(e)(1)(i).

5. This ORDER EXPRESSLY PROHIBITS disclosure of confidential communications among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist (including members of the patient's family), made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including but not limited to, alcohol or drug addiction; further, this ORDER EXPRESSLY PROHIBITS disclosure of a patient's records or information relating in any way to any HIV testing or sexually transmitted disease.

6. This ORDER EXPRESSLY PROHIBITS any party or any attorney of record for any party from releasing, exchanging, submitting or sharing any *Protected Health Information* with any other person or any other entity, other than an agent or employee of the attorney or party.

7. This ORDER EXPRESSLY PROHIBITS the parties from using or disclosing the *Protected Health Information* for any purpose other than this litigation or proceedings.

8. This ORDER EXPRESSLY PROHIBITS any attorney of record for any Defendant from engaging in *ex parte* discussions, conferences, interviews, telephonic and/or e-mail communications, etc., with any of Plaintiff's health care providers wherein counsel seeks to obtain *Protected Health Information,* unless, counsel complies with 45 CFR §164.512(e)(1)(ii) ) by notifying counsel for Plaintiff of the request to meet with any health care provider in a timely manner so as to afford counsel an opportunity to object should counsel so wish. No party shall send any letter or "courtesy copy" of any subpoena to a health care provider before the subpoena is issued by the Clerk.

9. At the conclusion of this action and at the written request of an individual whose *Protected Health Information* has been disclosed, or such individual's authorized representative, all recipients of the *Protected Health Information* shall return to the requesting party the documents

DOCUMENT 17

and all copies thereof containing *Protected Health Information* received by them pursuant to this ORDER, except that *Protected Health Information* which is included in insurance claim files and law firm litigation files, may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Alabama State Bar rules and regulations.

10. At the conclusion of this action [defined as: (a) the expiration of the time allowed to file an appeal to either the Alabama Supreme Court or Court of Civil Appeals; or, (b) upon receipt of a Certificate of Judgment on any appeal arising from this action], any party who introduced *Protected Health Information* into evidence at trial or into the record any stage of this action, **SHALL PHYSICALLY RETRIEVE** from the Court such *Protected Health Information* within fifteen [15] days of the conclusion of this action.  The Court simply will not accept responsibility for disposing the *Protected Health Information* made a part of the record herein.  Any party who **FAILS** to comply after notice from the Court, is subject to an order to appear and "show cause" why the party has not complied with this ¶ 7.

DONE this 20th day of December, 2018.

/s/ MICHAEL G GRAFFEO
**CIRCUIT JUDGE**

3

ELECTRONICALLY FILED
1/18/2019 3:53 PM
01-CV-2018-904575.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | |
|---|---|
| DIANE REID and CECIL REID, | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | ) |
| | )   **CIVIL ACTION CV 2018-904575** |
| WAL-MART STORES EAST, L.P., et al., | ) |
| | )   **MOTION UNOPPOSED** |
|    Defendants. | ) |

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

**COMES NOW WAL-MART STORES EAST, L.P.,** the Defendant in the above-styled cause, and moves this Court to enter a Protective Order based on the following:

1.    Defendant anticipates producing certain proprietary documents which may include policies, training materials, and other confidential information in response to Plaintiffs' discovery requests.

2.    The Defendant requests that the attached Protective Order be entered with regard to documents being produced in this matter.

3.    Defense counsel has communicated with the attorney for the Plaintiffs and he has no objection to the Protective Order being entered by the Court.

**WHEREFORE, PREMISES CONSIDERED,** the Defendant prays that this Court will enter the attached Protective Order for documents to be produced by the Defendant in this case.

This the __18th__ day of January, 2019.

/s/ Marda W. Sydnor
**MARDA W. SYDNOR**
Attorney for Defendant

**OF COUNSEL:**
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
(205) 326-6600
msydnor@pljpc.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been electronically filed this the 18th day of January, 2019 with the Clerk of Court using the AlaFile system which will send notification of such filing to the following:

Mr. J. Callen Sparrow
Heninger Garrison Davis, L.L.C.
P.O. Box 11310
Birmingham, AL 35202
jcsparrow@hgdlawfirm.com

_s/Marda W. Sydnor_
OF COUNSEL

ELECTRONICALLY FILED
1/18/2019 3:53 PM
01-CV-2018-904575.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### BIRMINGHAM DIVISION

REID DIANE,                    )
REID CECIL,                    )
               Plaintiffs,     )
                    )
                    )
         V.               )     **Case No.:** CV-2018-904575.00
                    )
WAL-MART STORES EAST, L.P.     )
             Defendant.     )

## PROTECTIVE ORDER

This matter comes before the Court on the Defendant's Motion for Protective Order. The Motion for Protective Order is hereby GRANTED, and the Court enters the following:

1. The Protective Order shall be entered pursuant to the Alabama Rules of Civil Procedure.

2. The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

(a)     Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the parties; compensation of Defendant's current or former personnel; policies, procedures and/or training materials of Defendant, and/or Defendant's organizational structure;

(b)     Any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor;

(c)     Any documents relating to the medical and/or health information of any of Defendant's current or former employees or contractors;

(d)     Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

3.     In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified

asconfidential. Defendant will use its best efforts to limit the number ofdocuments designated Confidential.      4.      Confidential Information shall be heldin confidence by each qualified recipient to whom it is disclosed, shall beused only for purposes of this action, shall not be used for any businesspurpose, and shall not be disclosed to any person who is not a qualifiedrecipient.  All produced Confidential Information shall be carefullymaintained so as to preclude access by persons who are not qualified recipients.

5.      Qualified recipients shall includeonly the following:

(a)      In-housecounsel and law firms for each party and the secretarial, clerical andparalegal staff of each;

(b)      Depositionnotaries and staff;

(c)      Personsother than legal counsel who have been retained, or specially employed by aparty as an expert witness for purposes of this lawsuit or to performinvestigative work or fact research;

(d)      Deponentsduring the course of their depositions or potential witnesses of this case; and

(e)      Theparties to this litigation, their officers and professional employees.

6.      Eachcounsel shall be responsible for providing notice of the Protective Order andthe terms therein to persons to whom they disclose "Confidential Information,"as defined by the terms of the Protective Order.

Persons to whom confidential information is shown shallbe informed of the terms of this Order and advised that its breach may bepunished or sanctioned as contempt of the Court.  Such deponents may beshown Confidential materials during their deposition but shall not be permittedto keep copies of said Confidential materials nor any portion of the depositiontranscript reflecting the Confidential Information.

If any party objects to the claims that informationshould be deemed Confidential, that party's counsel shall inform opposingcounsel in writing within thirty (30) days of receipt of the Confidentialmaterials that the information should not be so deemed, and the parties shallattempt first to dispose of such disputes in good faith and on an informalbasis.  If the parties are unable to resolve their dispute, they maypresent a motion to the Court objecting to such status. The informationshall continue to have Confidential status during the pendency of any suchmotion.

7.      No copiesof Confidential Information shall be made except by or on behalf of attorneysof record, in-house counsel, or the parties in this action.  Any personmaking copies of such information shall maintain all copies within theirpossession or the possession of those entitled to access to such informationunder the Protective Order.

8.      All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose.

9.      The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

10.     Within thirty (30) days of the final adjudication or resolution of this Lawsuit, the party receiving Confidential Information shall return all Confidential Material, including all copies and reproductions thereof, to counsel for the designating party.

11.     Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, transcript, or other information.

12.     Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

13.     The Clerk of Court will forward a certified copy of the Protective Order to all counsel of record.

DONE this [To be filled by the Judge].

/s/[To be filled by the Judge]
_____

CIRCUIT JUDGE

PROPOSED ORDER

ELECTRONICALLY FILED
1/18/2019 4:27 PM
01-CV-2018-904575.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | | |
|---|---|---|
| DIANE REID and CECIL REID, | ) | |
| | ) | |
|    Plaintiffs, | ) | |
| | ) | **CIVIL ACTION NO.** |
| v. | ) | **CV-2018-904575** |
| | ) | |
| WAL-MART STORES EAST, | ) | |
| L.P., et al., | ) | |
| | ) | |
|    Defendants. | ) | |

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

**COMES NOW WAL-MART STORES EAST, L.P.,** the Defendant in the above-styled

cause, and gives notice of serving the following discovery documents upon all counsel of record

by electronic mail and U.S. mail:

      ☒     Defendant Wal-Mart's Response to Plaintiffs' First Interrogatories and
             Request for Production of Documents.

                                /s/ Marda W. Sydnor
                                **MARDA W. SYDNOR (SYD001)**
                                Attorney for Defendant
                                WAL-MART STORES EAST, L.P.

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 324-7097
msydnor@pljpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 18th day of January, 2019, electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile system, which will send notification of such filing to the following:

Mr. J. Callen Sparrow
**HENINGER GARRISON DAVIS, LLC**
P.O. Box 11310
Birmingham, Alabama 35202
jcsparrow@hgdlawfirm.com

/s/ Marda W. Sydnor
OF COUNSEL

2

ELECTRONICALLY FILED
1/18/2019 4:30 PM
01-CV-2018-904575.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA

DIANE REID and CECIL REID,           )
                                     )
            Plaintiff,               )
                                     )
vs.                                  )          CIVIL ACTION NO.: CV-2018-904575
                                     )
WAL-MART STORES EAST, L.P., et       )
al.,                                 )
                                     )
            Defendants.              )

---

## NOTICE OF SERVICE OF DISCOVERY

TO:    ALL COUNSEL OF RECORD

PLEASE TAKE NOTICE that the undersigned has this date served on counsel for all

parties, the following:

1.    Plaintiffs' Response to Defendant's First Request for Admission.


Respectfully submitted: January 18, 2019.

                        /s/J. Callen Sparrow
                        J. CALLEN SPARROW (SPA006)
                        Attorney for Plaintiff

*Of Counsel:*

HENINGER GARRISON & DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
Telephone:    (205) 326-3336
Facsimile:    (205)326-3332
Email:        jcsparrow@hgdlawfirm.com

DOCUMENT 125

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2019, the foregoing document(s) was filed with the Court using the Court's electronic filing system and/or mailed via U.S. Mail, postage pre-paid, to the following party or parties of record:

Marda W. Sydnor, Esq.
PARSONS LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL  35216

/s/ J. Callen Sparrow
OF COUNSEL

DOCUMENT 26

ELECTRONICALLY FILED
1/18/2019 4:30 PM
01-CV-2018-904575.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA

|                                         |     |                                       |
|-----------------------------------------|-----|---------------------------------------|
| DIANE REID and CECIL REID,              | )   |                                       |
|                                         | )   |                                       |
|                                         | )   |                                       |
|                    Plaintiff,           | )   |                                       |
|                                         | )   | CIVIL ACTION NO.: CV-2018-904575      |
| vs.                                     | )   |                                       |
|                                         | )   |                                       |
| WAL-MART STORES EAST, L.P., et          | )   |                                       |
| al.,                                    | )   |                                       |
|                                         | )   |                                       |
|                    Defendants.          | )   |                                       |

## PLAINTIFFS' RESPONSES TO DEFENDANT'S
## FIRST REQUESTS FOR ADMISSION

**COME NOW** the plaintiffs in the above-styled cause, and respond to defendant, Wal-Mart's, First Requests for Admission to Plaintiffs, stating as follows:

1.   That you do not claim in excess of $75,000.00 as total damages in this case, exclusive of interest, attorney's fees or other fees and costs.

**RESPONSE:   Denied.**

2.   That you do not intend to claim over $75,000.00 as total damages in this case.

**RESPONSE:   Denied.**

3.   That you will not seek over $75,000.00 as total damages in this case.

**RESPONSE:   Denied.**

4.   That you waive any amount of damages ever entered in this case in excess of $75,000.00.

**RESPONSE:   Denied.**

5.   That you will not accept any award of damages over $75,000.00 in this case.

**RESPONSE:   Denied.**

6.   That you agree that the above-stated limitations on your claim for damages will be binding on you, your heirs, representatives, and ass' irs with regard to all claims made or ever made in this lawsuit against Wal-Mart or any it employees.

**RESPONSE:    Denied.**

Respectfully submitted:  January 18, 2019

/s/J. Callen Sparrow
J. CALLEN SPARROW (SPA006)
Attorney for Plaintiff

*Of Counsel:*

HENINGER GARRISON & DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
Telephone:    (205) 326-3336
Facsimile:    (205)326-3332
Email:    jcsparrow@hgdlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2019, the foregoing document(s) was filed with the Court using the Court's electronic filing system and/or mailed via U.S. Mail, postage pre-paid, to the following party or parties of record:

Marda W. Sydnor, Esq.
PARSONS LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL  35216

/s/ J. Callen Sparrow
OF COUNSEL

DOCUMENT 28

ELECTRONICALLY FILED
1/24/2019 11:41 AM
01-CV-2018-904575.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | |
|---|---|
| DIANE REID, | ) |
| CECIL REID, | ) |
| Plaintiffs, | ) |
| | ) |
| V. | )           CV-2018-904575-MJH |
| | ) |
| WAL-MART STORES EAST, L.P., | ) |
| Defendant. | ) |

### PROTECTIVE ORDER

This matter comes before the Court on the Defendant's <u>MOTION FOR PROTECTIVE ORDER</u> [Doc. 20]. The Motion for Protective Order is hereby **GRANTED**, and the Court enters the following:

1.      The Protective Order shall be entered pursuant to the Alabama Rules of Civil Procedure.

2.      The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

(a)      Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the parties; compensation of Defendant's current or former personnel; policies, procedures and/or training materials of Defendant, and/or Defendant's organizational structure;

(b)      Any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor;

(c)      Any documents relating to the medical and/or health information of any of Defendant's current or former employees or contractors;

(d)      Any portions of depositions (audio or video) where Confidential Information is disclosed or

1

used as exhibits.

3.    In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential. Defendant will use its best efforts to limit the number of documents designated Confidential.

4.    Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

5.    Qualified recipients shall include only the following:

(a)    In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

(b)    Deposition notaries and staff;

(c)    Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

(d)    Deponents during the course of their depositions or potential witnesses of this case; and

(e)    The parties to this litigation, their officers and professional employees.

6.    Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order. Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information. If any party objects to the claims that information should be

DOCUMENT 28

deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential materials that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

7.    No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel, or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

8.    All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose.

9.    The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

10.    Within thirty (30) days of the final adjudication or resolution of this Lawsuit, the party receiving Confidential Information shall return all Confidential Material, including all copies and reproductions thereof, to counsel for the designating party.

11.    Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, transcript, or other information.

12.    Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

13.    The Clerk of Court will forward a certified copy of the Protective Order to all counsel of record.

DOCUMENT 28

DONE this 24th day of January, 2019.

/s/ MARSHELL JACKSON HATCHER
CIRCUIT JUDGE

ELECTRONICALLY FILED
2/12/2019 4:52 PM
01-CV-2018-904575.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| DIANE REID and CECIL REID, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: CV-2018-904575 |
| vs. ) | |
| ) | |
| WAL-MART STORES EAST, L.P., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

---

### NOTICE OF SERVICE OF DISCOVERY

---

TO:    ALL COUNSEL OF RECORD

PLEASE TAKE NOTICE that the undersigned has this date served on counsel for all

parties, the following:

1.    Plaintiffs' Answers to Interrogatories.

Respectfully submitted:  February 12, 2019.


/s/ J. CALLEN SPARROW
J. Callen Sparrow (SPA006)
Attorney for Plaintiffs


*Of Counsel:*

HENINGER GARRISON & DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
(205) 326-3336 (phone)
(205) 326-3332 (facsimile)
Email:  jcsparrow@hgdlawfirm.com

DOCUMENT 31

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing via email and United States mail, postage prepaid, on this the 12th day of February, 2019:

Marda W. Sydnor, Esquire
Kendall A. Lee, Esquire
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL  35216
Telephone:    (205)326-6600
Facsimile:    (205)324-7097
Email:        msydnor@pljpc.com
              klee@pljpc.com

_/s/ J. CALLEN SPARROW_____
Of Counsel

# EXHIBIT B

DOCUMENT 26

ELECTRONICALLY FILED
1/18/2019 4:30 PM
01-CV-2018-904575.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| DIANE REID and CECIL REID, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: CV-2018-904575 |
| vs. | ) | |
| | ) | |
| WAL-MART STORES EAST, L.P., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' RESPONSES TO DEFENDANT'S
## FIRST REQUESTS FOR ADMISSION

**COME NOW** the plaintiffs in the above-styled cause, and respond to defendant, Wal-Mart's, First Requests for Admission to Plaintiffs, stating as follows:

1.  That you do not claim in excess of $75,000.00 as total damages in this case, exclusive of interest, attorney's fees or other fees and costs.

**RESPONSE:  Denied.**

2.  That you do not intend to claim over $75,000.00 as total damages in this case.

**RESPONSE:  Denied.**

3.  That you will not seek over $75,000.00 as total damages in this case.

**RESPONSE:  Denied.**

4.  That you waive any amount of damages ever entered in this case in excess of $75,000.00.

**RESPONSE:  Denied.**

5.  That you will not accept any award of damages over $75,000.00 in this case.

**RESPONSE:  Denied.**

6.  That you agree that the above-stated limitations on your claim for damages will be binding on you, your heirs, representatives, and ass'irs with regard to all claims made or ever made in this lawsuit against Wal-Mart or any it employees.

**RESPONSE:** **Denied.**

Respectfully submitted:  January 18, 2019

/s/J. Callen Sparrow
J. CALLEN SPARROW (SPA006)
Attorney for Plaintiff

*Of Counsel:*

HENINGER GARRISON & DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
Telephone:    (205) 326-3336
Facsimile:    (205)326-3332
Email:    jcsparrow@hgdlawfirm.com

### CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2019, the foregoing document(s) was filed with the Court using the Court's electronic filing system and/or mailed via U.S. Mail, postage pre-paid, to the following party or parties of record:

Marda W. Sydnor, Esq.
PARSONS LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL  35216

/s/ J. Callen Sparrow
OF COUNSEL

# EXHIBIT C

IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA

DIANE REID and CECIL REID,                )
                                           )
                                           )
            Plaintiff,                     )
                                           )        CIVIL ACTION NO.: CV-2018-904575
vs.                                        )
                                           )
WAL-MART STORES EAST, L.P.,                )
et al.,                                    )
                                           )
            Defendants.                    )  .

---

## PLAINTIFFS' ANSWERS TO INTERROGATORIES

COME NOW the plaintiffs in the above-styled cause, and respond to the following interrogatories propounded to them by the defendant, **WAL-MART STORES EAST, L.P.,** stating as follows:

    1.      State your full name, address, date of birth, Social Security number, e-mail address, mobile telephone number and current driver's license number, including the name of the state issuing said driver's license.

**ANSWER:**

**Diane K. Reid**

Alabama

**Cecil Howard Reid**



**Alabama**

2.      State your present and past employment including the name and address of each employer, your job duties and dates of employment.

**Answer:**

**Diane:**        Self-employed        Mother Goose Boutique    Owner

2011 – Present
**Heirloom Sewing**

**Smocking Bird**
**2831 Liden Avenue**
**Homewood, AL  35209**
**1986 – 2014**

**Cecil:**        I retired on December 31, 2018.  However,  I am still the acting small groups pastor at Westwood Baptist Church located 2349 Forestdale Boulevard, Birmingham, AL
**2013 – Present**

I am also self-employed providing church consulting
**2010-Present**

**Myrick, Gurosky & Associates**
**700 Montgomery Highway, #156**
**Birmingham, AL 35216**
**Church consulting**
**11/1/2004 – 12/31/2010**

**Hunter Street Baptist Church**
**2600 John Hawkins Parkway**
**Hoover, AL  35244**
**Ministry of Education**
**1991 - 2004**

3.      State in detail and in chronological order the specific facts upon which you base your claims against the Defendant, i.e. what you claim Wal-Mart, or any employee or agent of Wal-Mart did wrong.

**ANSWER:**

There were merchandizing strips in the aisle on the floor where customers walk.  The strip had a hook on it that caught on my shoe.  I was holding some pasta in one hand and a jar in the other.  Discovery is just beginning and if this answer needs to be supplemented, I will supplement it.

4.      List the name and address of any witness who has knowledge of the incident or claims made the basis of this suit, including in your response each such witness' name, address and relationship to you. Include in your response a synopsis of his or her expected testimony.

**ANSWER:**

There was one person who witnessed the fall, but we did not get any information. It should be on the Wal-Mart video.

5.      State in full and complete detail the nature and extent of your injuries as a result of the incident made the basis of this lawsuit.

**ANSWER:**

I fractured my left patella and right wrist resulting in having to use a walker and my wrist was in a splint.

6.      List and/or itemize all damages you are claiming as the result of the incident made the basis of this suit including, but not limited to, all medical expenses incurred, lost wages and other out-of-pocket expenses.

**ANSWER:**

Please see attached.

7.     Describe when and from what provider you first obtained medical care or treatment after the incident made the basis of this suit, explaining fully any conversation with a treating physician about what effects the incident had on you. Explain with specificity all medical treatment thereafter, including in your answer any statement or assessment of any treating physician about whether your symptoms were related to the incident.

**ANSWER:**

UAB Medical Center West
Highway 150 Freestanding ER Unit

Doctors diagnosed a broken right wrist and broken left patella which was a direct result from the fall at Wal-Mart on June 9, 2018.

Created a difficult recovery due to opposite extremities being broken. Made it very difficult for any type of physical mobility. Doctors at ER said we should see an orthopedic doctor immediately for follow-up. The ER unit secured both broken extremities with braces so that Diane could make it till Monday where she could see an orthopedic doctor.

Southlake Orthopedics
4517 Southlake Parkway
Hoover, AL  35244

Dr. CJ Talbert confirmed the analysis of the Medical West ER unit and initiated a plan for recovery.

After four weeks of being immobile, in order for the bones to begin to heal, Diane was able to begin physical therapy on July 13, 2018.

Therapy South (11 visits)
3421 South Shades Crest Road, Suite 107
Hoover, AL  35226

Diane returned to Dr. Talbert on August 28, 2018 for a check-up. She was told to continue to rehab at home and to be careful not to put any stress on her broken extremities. He said she could expect recuperation and healing to extend into early 2019 before she would be able to navigate at a normal pace again.

Currently, Diane has ongoing issues with walking at a normal gate without limping. She still experiences discomfort with her wrist and knee. During this period of time, Diane was not able to work or keep her three grandchildren (three days a

week) which put her family in a stressful situation trying to find baby sitters for the children.

8.      Identify the name, address and telephone number of each and every physician, chiropractor, hospital, psychiatrist, psychologist or other health care provider who or which has rendered you treatment at any time for any reason, identify the reason or reasons why you were seen by said health care provider including in your response the approximate date of each such treatment.

**ANSWER:**

Dr. Robert Frederickson
Brookwood Internal Medicine
513 Brookwood Boulevard
Birmingham, AL  35209
I have been seeing Dr. Frederickson for approximately 10 years for various reasons.

Women's Diagnostic Center
at Brookwood Medical Center
Dr. Robert Frederickson refers me
Last visit 2018

Dr. Gregory L. Champion and
    Dr. Brent N. Barranco
Southeast Gastro
513 Brookwood Boulevard
Birmingham, AL  35209
Past 15 years for colonoscopies

Jason K. Dickerson, OD
Pelham Eye Care
2617 Pelham Parkway
Pelham, AL  35124
Last visit 2018

Dr. Carolyn Hebson
Vision First Eye Center
1 W Lakeshore Drive, Suite 200
Birmingham, AL  35209
Last visit 2018.  Also, Dr. Hebson also did cataract surgery on me.

Dr. Michael Albert, Jr.
Retina Consultants of Alabama
700 18th Street South, #707
Birmingham, AL  35233

Last visit 2018. He did a procedure on my eye, but I cannot remember what it was called.

American Family Care – The Grove
4600, 5569 Grove Road, #121
Hoover, AL  35226

9.   Identify each and every pharmacy where you have had prescription medicines filled in the last 20 years, including in your answer the name of each pharmacy, its address, and telephone number.

ANSWER:

Wal-Mart
2780 John Hawkins Parkway
Hoover, AL  35244
205-733-0055

CVS
1881 Chase Drive
Hoover, AL  35244
(205)987-7286

CVS
105 Inverness Plaza
Birmingham, AL  35243
(205)991-5201

Walgreens
2505 John Hawkins Parkway
Hoover, AL  35244
(205)982-9696

10.   Please list each person known to you who witnessed any part of the incident made the basis of this suit, including in your answer each such person's name, address and relation to you.

ANSWER:

Don't know of anyone.

11.     List the name and address of each person known to you or your attorneys who knows or has any information about the claims made the basis of this suit, stating in your response the information or knowledge each person so identified has regarding the subject incident and your claims or alleged injuries.

**ANSWER:**

   **Not aware of any witnesses.**

12.     State the names, addresses and telephone numbers of each and every expert witness you or your attorney(s) intend to call as a witness at the trial of this case. In addition, please provide the information required by Rule 26 of the *Alabama Rules of Civil Procedure* concerning each expert witness you intend to call at the trial of this case.

**ANSWER:**

   **Unknown at this time.  Plaintiffs will supplement this answer as required by pretrial or scheduling order.**

13.     List the names of any and all other attorneys or firms who or which have a financial interest in the outcome of this case.

**ANSWER:**

   **None other than Heninger Garrison Davis, LLC.**

14.     State whether you, your attorney, your insurance carrier, or anyone acting on your or their behalf has obtained a statement in any form from any person regarding the incident and damages referenced in your Complaint.   If so, state:

   (a) The name and address of the person from whom any such statement was taken;
   (b) The date on which such statement was taken;
   (c) The name and address of the person and employer of such person who took the said statement;
   (d) The name and address having custody of each such statement; and
   (e) Identify whether such statement was written, by recording device, by court
        reporter or stenographer, or in some other format.

**ANSWER:**

   **No.**

15.    State the nature and substance of each and every conversation which you or your family members or friends had with anyone employed by Wal-Mart with regard to the allegations contained in the Complaint. State the date and time of each conversation as best you can and list the names of those who were present along with the substance of each conversation.

**ANSWER:**

None.

16.    If you or your family member or friend overheard any conversation between any employee of Wal-Mart and anyone else concerning the subject incident, please list the substance of the conversation as well as the time and date it occurred. Provide a list of names and addresses of anyone who was present.

**ANSWER:**

**Diane heard someone say, "I just walked around the corner and saw her sitting in the floor." Diane looked and saw that it was a Wal-Mart female employee that said that to another male Wal-Mart employee who looked to be some type of management person. He was the same guy that provided paperwork for the incident report. The Wal-Mart lady also assisted Diane to the car on a motorized shopping cart.**

17.    Do you contend that anyone employed by Wal-Mart violated any codes, standards, standards of care, laws or regulations with regard to any of the allegations in your Complaint? If so, state:

   (a) The correct name of the code, standard, standards of care, law or regulations that were violated.
   (b) The section number and page number of all codes, standards, standards of care, laws or regulations that were violated.
   (c) All facts which you say constitute a violation of the codes, standards, standards of care, laws or regulations.

**ANSWER:**

**Wal-Mart failed to provide a clean and safe environment for shoppers. Stockers should not have been stocking aisles on this busy day with such an excessive amount of merchandise sitting in the aisles. At this time, not aware of standards, etc. that may have been violated. Discovery is ongoing. Will supplement if necessary.**

18.    State whether you have applied for and/or received Social Security disability benefits at any time during your lifetime and if so, the date which the disability determination was made. Include in your response all physical or mental disabilities you were claiming in your application for Social Security disability or which were determined to be disabilities by the Social Security Administration.

ANSWER:

    No.

    19.    Identify any and all people who took photographs or videotape of you at any time during or after the events forming the basis of this suit transpired:

    (a) Provide the dates on which each and every photograph was taken or each video was recorded. ·
    (b) What was the purpose for taking the photographs or recording the video?

ANSWER:

    A Wal-Mart employee took some photographs after the fall.  One employee tried to rehang the merchandizing strip but was told by the man taking pictures NOT to hang that back up.  The employee placed the strip back on the floor.  The witnesses left before any information could be obtained from them.  The Wal-Mart employee was taking pictures for the store's benefit, I guess.

    20.    Have you ever filed for bankruptcy in any court or filed any petition or pleading in any bankruptcy proceeding? If so, please identify the court in which the petition or pleading was filed, the date of the filing, the nature of the petition and the type of bankruptcy involved.

ANSWER:

    No.

    21.    List the names and addresses of any witness you may call at trial and a summary of their expected testimony.

ANSWER:

    Unknown at this time.  Will supplement.

    22.    List or otherwise describe and identify each and every exhibit that you intend to use at the trial of this case in support of your contentions as alleged in the Complaint.

ANSWER:

    Unknown at this time.  Will supplement as required by pretrial or scheduling order.

    23.    Have you ever been arrested? If so, please state the date and place of each arrest, the offense charged and the outcome, and the name and location of the arresting authority.

**ANSWER:**

No.

24.     Have you ever been a party to any other civil action? If so, please state:

(a) The date and place each such suit was filed, the name of the court, the name of the other party or parties involved, the cause of action of each such legal action, and the name of the attorneys representing each party in each such lawsuit or legal action.
(b) Describe the disposition of each such suit or legal action described above.

**ANSWER:**

No.

25.     State the names and addresses of your relatives who reside in Jefferson County, Alabama.

**ANSWER:**

**Kaleb and Dr. Brittany Reid
4271 Memorial Road
Hoover, AL  35226**

**David and Kelli Wilson
1480 Scout Ridge Drive
Hoover, AL  35244**

**Troy and Kari Davis
1819 Southpointe Drive
Hoover, AL  35244**

**Mack and Donna Windham
5519 Spanish Trace
Pinson, AL  35126**

**Ginger Windham
4160 Overlook Circle
Trussville, AL  35173**

**Greg and Heather Slaughter
300 Yellow Wood Lane
Trussville, AL  35173**

26.     State in detail the factual basis of your claim that Defendant is guilty of negligence and wantonness as is alleged in the Complaint.

**ANSWER:**

   **Defendant caused or allowed the merchandise strip to be on the floor creating a dangerous condition.  The defendant knew or should have known of the condition and taken steps to avoid it or fix it before anyone got hurt.**

27.     Have you been informed that you are answering these interrogatories under oath and that they may be used as evidence in the event of a trial?

**ANSWER:**

   **Yes.**

_Diane Reid_

**Diane Reid**

STATE OF ALABAMA        )
_Jefferson_ COUNTY        )

 I, _Sara K. Fletcher_____, the undersigned notary public in and for said county and state, hereby certify that **DIANE REID**, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, has executed the same voluntarily on the day the same bears date.

 Given under my hand and seal this _25_ day of _Jan_____, 2019.

_Sara K. Fletcher_____
NOTARY PUBLIC

My Commission expires: _July 22, 2020_____

SARA K. FLETCHER
My Commission Expires
July 22, 2020

_Cecil Reid_ (signature)

**Cecil Reid**

STATE OF ALABAMA                    )
_Jefferson_ COUNTY                  )

    I, _Sara K Fletcher_ , the undersigned notary public in and for said county and state, hereby certify that **CECIL REID**, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, has executed the same voluntarily on the day the same bears date.

    Given under my hand and seal this _25_ day of _January_, 2019.

_Sara K Fletcher_ (signature)

**NOTARY PUBLIC**

My Commission expires: _July 22, 2620_



SARA K. FLETCHER
My Commission Expires
July 22, 2020

J. Callen Sparrow (SPA006)
Attorney for Plaintiffs

*Of Counsel:*

HENINGER GARRISON & DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
(205) 326-3336 (phone)
(205) 326-3332 (facsimile)
Email:  jcsparrow@hgdlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing via email and United States mail, postage prepaid, on this the 12th day of February, 2019:

Marda W. Sydnor, Esquire
Kendall A. Lee, Esquire
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL  35216
Telephone:     (205)326-6600
Facsimile:     (205)324-7097
Email:         msydnor@plipc.com
               klee@plipc.com

Of Counsel